IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD JAMES HESS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-1636 |
| | ) | |
| v. | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Caiazza |
| BEAVER COUNTY JAIL and | ) | |
| SOUTHERN HEALTH PARTNERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is respectfully recommended that the Defendants' Motions to Dismiss (Docs. 13 & 16) be granted.

State inmate Leonard James Hess ("Hess" or "the Plaintiff") has brought this Section 1983 action alleging inadequate medical treatment he received while confined at the Beaver County Jail ("the Jail"). The Plaintiff claims to have been bitten twice by spiders, and he questions the course and effectiveness of the resulting treatment. Hess alleges liability against the Jail and Southern Health Partners ("SHP"), a medical provider for the inmates.

**A.   The Claims Against the Jail**

Although Hess has named the Jail as a Defendant, that entity is part of Beaver County and has no separate identity. Consequently, the Plaintiff seeks to allege a cause of action against Beaver County.

Local governing bodies can be sued under Section 1983 for monetary, declaratory, or injunctive relief. <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). To establish municipal liability, however, the Plaintiff must: 1) demonstrate the existence of an unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of his injury. <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 850 (3d Cir. 1990).

Hess fails to allege a custom or policy that may have caused a violation of his constitutional rights. He, therefore, has stated no cause of action against Beaver County, and its Motion to Dismiss should be granted.

**B.   The Claims Against SHP**

Just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private corporation is not vicariously liable under Section 1983 for its employees' acts. See, e.g., <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129 (11th Cir. 1992) ("every circuit court to consider the issue has extended [Monell] to private corporations"). In order to assert a claim against SHP, Hess must show that a constitutional deprivation resulted from the entity's official customs or policies. See, e.g., <u>Austin v. Paramount Parks, Inc.</u>, 195 F.3d 715, 728 (4th Cir. 1999) (holding same) (citations omitted).

Again, Hess has failed to allege a policy or custom that resulted in the delivery of inadequate medical care. Thus, SHP's Motion to Dismiss should likewise be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 20, 2006. Responses to objections are due by November 30, 2006.

November 2, 2006

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

cc:

Leonard James Hess
EN-9462
S.C.I. Coal Township
1 Kelley Drive
Coal Township, PA  17866-1021

Marie Milie Jones, Esq. (via email)